UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                               CRIMINAL ACTION NO. 2:17-00017

**MARCUS W. TAYLOR**

MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the court is defendant Marcus W. Taylor's pro se Motion for 18 USC § 3582(c)(2) Reduction in Sentence, filed on August 26, 2024, wherein defendant is seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the United States Sentencing Guideline Amendment 821.

18 U.S.C. § 3582(c)(2) states "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission."  See 18 U.S.C. § 3582(c)(2).

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective.  Part A of the amendment addresses status points (additional criminal history points given for the fact of having committed the instant offense while under a criminal justice sentence), decreasing them by one point for individuals with seven or more criminal history points (excluding status points) and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.

On February 9, 2017, the defendant pled guilty to a two-count information.  Count One charged the defendant with possession with intent to distribute a quantity of methamphetamine in violation of 21 U.S.C. § 841(a)(1), and Count Two charged the defendant with possession of firearms in furtherance of a drug trafficking crime in violation of

2

18 U.S.C. § 924(c)(1)(A). At the time of his original sentencing, the defendant had a Total Offense Level of 37 and a Criminal History Category of VI, (due to the defendant being a career offender), the guideline range for Count One is 360 months to Life. However, pursuant to U.S.S.G. §4B1.1(c)(2) in 2016, the guideline range for this career offender was 420 months to life. The statutorily authorized maximum sentence for Count One is 240 months, which is less than the minimum of the applicable guideline range, resulting in a guideline term of imprisonment for Count One of 240 months. Therefore, the defendant's guideline range is 240 months on Count One. Count Two, the firearms charge, has a mandatory 60-month term of imprisonment to be served consecutively to any other term of imprisonment.

The presentence report assessed the defendant with eight criminal history points, six points for prior criminal convictions, and two points added to his criminal history points as he committed the offense of conviction while under a criminal justice sentence. These two additional points are known as status points. Because the defendant was determined to be a career offender, and pursuant to U.S.S.G. §4B1.1(b) a career offender's Criminal History Category in every case is VI, the defendant had a Total Offense Level of 37, and a Criminal

History Category of VI, for a Guideline range of 240 months due to the statutory maximum as to Count One.  As to Count Two, the firearm offense, a mandatory minimum sentence of imprisonment of 60 months is to be served consecutively to Count One.  On June 22, 2017, the court imposed a downward variant sentence of imprisonment of 188 months on Count One and a consecutive term of 60 months imprisonment on Count Two, along with a term of 24 months of imprisonment imposed in Criminal Action No. 2:05-00034, upon revocation, to run consecutively to the 248 months imposed on the offenses of conviction, to be followed by 5 years supervised release on each count to run concurrently with each other.

The defendant is ineligible for a sentence reduction under Amendment 821 because the court determined the defendant was a career offender and as such his Criminal History Category pursuant to the U.S.S.G. §4B1.1(b) is that of VI.  Consequently, his Criminal History Category was not the result of any status points received, but rather his career offender status.

The defendant argues that the court did not apply a career offender status, but the transcript of the sentencing hearing states that "[w]hen the Court considers all of these factors, including your personal characteristics, your upbringing and the like, which had its own deficits, and takes

4

into account the circumstances of the offense, the Court has reached a number of conclusions.  First of all, you are a career offender.  You have two prior drug felony convictions, and this offense of conviction for which you're here for sentencing today is another one." See Sent. Tr. 21.  The court, took into account the Sentencing Commissions recommendation to Congress at that time, as it related to career offenders, and determined that even without a career offender status, the guideline range would still be 240 months due to the statutory maximum sentence, and then imposed a variant sentence of 188 months for Count One.

Even if the court accepts the defendant's argument, and does not use the career offender status for purposes of determining the defendant's eligibility for a sentence reduction pursuant to Amendment 821, the following applies.  Without the Career Offender status, the defendant's Criminal History Category is IV, six criminal history points and two status points for a total of eight criminal history points, which but for his career offender status, would result in a criminal history category of IV.  Following the retroactive amendment to the Guidelines, the defendant's status points would be eliminated, and his criminal history score would be six, which yields a lower Criminal History Category of III.  The new Criminal History Category of III with the Total Offense Level of

37, results in a Guideline Range of 262 to 327 months, which, in the amended Guideline Range, would produce the same statutory maximum of 240 months as to Count One, and the 60-month mandatory consecutive sentence for Count Two, the firearm offense, would remain unchanged.

The defendant is ineligible for a sentence reduction under Amendment 821 because he received a variant sentence of 188 months on Count One which sentence is already below the minimum of the amended guideline range of 240 months. Pursuant to U.S.S.G § 1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment ... to a term that is less than the minimum of the amended guideline range."

Accordingly, for the reasons set forth above, it is ORDERED that a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 is hereby DENIED.

The court DIRECTS the Clerk to send a copy of this Order to defendant, the United State Attorney, the United States Probation Office, and the United States Marshals.

ENTER: February 28, 2025

John T. Copenhaver, Jr.
Senior United States District Judge